(Continued on Page 176)

# SYLLABI
# Ohio Supreme Court

## PRUDENTIAL CO-OP. REALTY CO. v. YOUNGSTOWN.

Ohio Supreme Court.

No. 20675. Decided March 7, 1928.

Error to Mahoning Appeals.

Judgment affirmed.

**997. REAL ESTATE—291. Constitutional Law—801. Municipal Law—516. Fees and Costs.**

1. Sec. 4346 GC. requiring approval of city plan commission on allotments held constitution.

2. Ordinance providing for payment of fees to such commission for checking plats held valid.

**903. PAYMENT—Under Protest.**

Payment, under protest, to official, to obtain official action, is voluntary when only damage which would accrue other than that naturally resulting from delaying such official action.

MARSHALL, CJ.

1. Section 4346, General Code, requiring plats of lands within three miles of the corporate limits of a city to have the written approval of the planning commission of such city endorsed thereon before such plat is entitled to record in the recorder's office of the county in which such city is located, is constitutional.

2. A city ordinance which provides for payment of fees to the planning commission of such city for examining and checking plats of lands within such city or within three miles of the corporate limits of such city is valid so far as amount of fees is concerned, if the fees permitted to be charged by the provisions of such ordinance are reasonable and designed to cover the cost and expense of maintaining the planning commission.

3. A payment unwillingly made under protest by an individual to an official in compliance with a fee or license statute or ordinance, in order to obtain official action in the matter covered by such statute or ordinance, is voluntarily made when no loss or damage would accrue to such individual other than the damage naturally resulting from withholding or delaying such official action.

(Day and Kinkade, JJ., concur.)

(Allen, J., concurs in propositions 2 and 3 of the syllabus and in the judgment.)

(Robinson, J., concurs in proposition 3 of the syllabus and in the judgment, but dissents from proposition 1 of the syllabus.)

(Jones, J., concurs in propositions 1 and 2 of the syllabus, but not in the judgment for the reason that the payment was involuntary and the fees unreasonable.)

(Matthias, J., concurs in proposition 3 of the syllabus and in the judgment.)

## LAKE SHORE ELECT. RY. CO. v. P. U. C.

Ohio Supreme Court.

No. 20795. Decided March 7, 1928.

Error to P. U. C.

Order reversed.

**793a. MOTOR TRANSPORT—451. Electric Railways.**

1. Additional service upon motor bus route, over protest of competing traction company, cannot be instituted unless public convenience will thereby be served. Convenience of applying carrier not evidence of public convenience.

2. Change of schedule not justified where main purpose is to take prospective passengers from competing company.

ALLEN, J.

1. Under the motor transportation act, Sections 614-84 to 614-102, General Code, additional service cannot be instituted upon a motorbus route over the protest of a competing traction company serving the same territory, unless the record shows that public convenience and necessity will thereby be served. The fact that the granting of an additional run upon such route will be for the convenience of the carrier applying therefor does not of itself alone constitute evidence of public convenience and necessity.

2. Under the motor transportation act, Sections 614-84 to 614-102, General Code, a change in schedule is not justified if the record shows that the main purpose of such change is to enable a motorbus company to take prospective passengers from a competing motor transportation company serving the same territory.

(Marshall, CJ., Robinson, Jones and Matthias, JJ., concur.)